STATE EX REL. CHARLES S. NORTHUP v. DAVID T. DAVIES, JR., AUD.

STATE EX REL. LYMAN W. WACHENHEIMER, PROS. ATTY. v. JOHN W. KERR ET AL.

CITY SOLICITOR PROSECUTING ATTORNEY OF POLICE COURT, EFFECT OF APPOINTMENT OF ASSISTANT.

The appointment of an assistant prosecuting attorney for the police court does not have the effect of terminating the tenure of the city solicitor to the office of prosecuting attorney of the police court. The city solicitor continues to be *ex officio* police court prosecutor and the county auditor may be compelled, by mandamus, to recognize such solicitor's claims to the compensation, to which he is entitled by virtue of the statute, Lan. 3125 (B. 1536-663) construed.

Syllabus approved by the court.]

**L. W. Wachenheimer** and **B. W. Johnson,** for plaintiff.
**J. P. Manton** and **James Austin,** for defendants.

**WILDMAN, J.**

These are two suits, one, the title of which is first given, instituted in this court and the other brought into this court by appeal. The first mentioned is a proceeding in mandamus to compel the auditor to recognize the claims of the relator to certain compensation to which he asserts he is entitled as solicitor of the city of Toledo, and, by virtue of that office, prosecuting attorney of the police court. The other action, appealed to this court, is a suit for an injunction to restrain the allowance and payment of the same compensation. Both actions involve the construction of a section of the municipal code, in our latest revision of the

State v. Davies.

statutes designated as Lan. 3125 (B. 1536-663). In the mandamus suit a demurrer has been filed to the second defense in the answer of the defendant Davies, auditor. In the injunction suit a motion has been filed by the defendant Northup, to strike matter from the amended petition which was filed in this court after appeal of the action. The decision of the demurrer in the one case substantially disposes, upon principle, of the decision of the motion in the other, and, indeed, no question is presented except that to which I have already referred, the question of the proper construction of Lan. 3125 (B. 1536-663).

The case, by reason of much public discussion, has assumed undue importance. No question of so-called "graft" is involved, and it is of very little consequence to the public whether the compensation which is sought here is payable, by a proper construction of the statute, to the city solicitor or to some assistant solicitor who, for some period is, by virtue of this statute, authorized to act as prosecuting attorney in the police court. Our construction of the statute will, in its ultimate result, neither add to nor take from the county treasury one dollar, so far as the application of this compensation is concerned. The statute provides. for the election of a city solicitor for the term of two years and that his tenure of office shall continue until the election and qualification of his successor. He is required to be a practitioner of law in the courts of Ohio; his powers and duties are such as are provided in certain other sections numbered and such as are provided in the act to which I have already referred and all other acts or parts of acts having uniform operation throughout the state and not inconsistent with this act; he is required to do certain duties for the city, and finally, in one of the paragraphs of the section, we have this provision:

"The solicitor shall also be prosecuting attorney of the police court, and shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commissioners shall allow; provided, that where council allows an assistant or assistants to the solicitor, said solicitor may designate an assistant or assistants to act as prosecuting attorney or attorneys of the police court. The duties of the solicitor as prosecuting attorney of the police court shall be such as are provided in Sec. 1813 [Lan. 3345] of the Revised Statutes; such as are provided in this act, and in all other acts or parts of acts applying to all cities of the state and not inconsistent herewith. In case of the inability or absence of the solicitor or any of his assistants to act as prosecuting attorney of the police court, the provisions of Sec. 1815 [Lan. 3347] of the Revised Statutes shall apply."

Revised Statutes 1813 and 1815 mentioned in this section are now known in the latest revision as Lan. 3345, 3347 (B. 1536-844, 1536-846)..

Lucas County.

It is manifest that the framers of Lan. 3125 (B. 1536-663) took cogniz-ance of the existence of the other two sections mentioned and the appli-cation of those sections goes only so far as to provide what shall be the duties of the solicitor as prosecuting attorney of the police court, but there is no suggestion that the compensation shall be such as is provided in the other two sections mentioned, or that the compensation shall be governed by any rules specified in those two sections. The two sections so referred to—Rev. Stat. 1813, 1815 (now Lan. 3345, 3347; B. 1536-844, 1536-846)—had, I think, been in existence many years, with perhaps some amendments, and were in force at the time when this more recent statute, Lan. 3125 (B. 1536-663), was enacted. We will not search for inconsistencies in the two sections. I am not inclined to think that there are any, so far as this matter of compensation is concerned; but, if there be such, by any construction, the later enactment will, of course, govern.

Now what is the construction of Lan. 3125 (B. 1536-663)? The attorney for the prosecuting attorney and the auditor insist that upon the appointment or designation by the city solicitor of any of his assistants to act as prosecuting attorney or attorneys of the police court, his right so to act ceases, and the right to compensation also fails. We are not disposed to adopt this contention. I will spend no time in any elaborate discussion of the paragraph which I have read, but will touch only such salient features of it as seem to us to make clear its proper interpreta-tion. The statute provides, not that the solicitor shall *act* as prosecuting attorney of the police court, but that he shall *be* prosecuting attorney of the police court. By virtue of his office as solicitor, he is also prose-cuting attorney of the police court, and in the same sentence in which the statute makes this provision we have the provision for compensa-tion. The clause is:

"And shall receive for this service such compensation as council may prescribe, and such additional compensation as the county commis-sioners shall allow."

Emphasis is placed by the assistant county attorney, who repre-sents the prosecuting attorney here and the auditor, upon the clause in the paragraph beginning with the word "provided," and his idea seems to be, that by this proviso an entire change in the status of the solicitor is made or may be made. The language is: "Provided that where coun-cil allows an assistant or assistants to the solicitor, said solicitor may designate an assistant or assistants to act," not to *be,* but to *act* as prosecuting attorney or attorneys of the police court. And there is no provision that thereupon the city solicitor shall lose his power or his status as prosecuting attorney of the police court. He is still prosecut-

ing attorney of the police court, so far as any language of this section provides. There is nothing in the section anywhere which says that his office, his official status, as prosecutor shall terminate, when he designates someone else to act. There is no provision here as to the length of tenure of such assistant or assistants; there is no provision that the appointing power—the solicitor himself—shall not also have the power to terminate the period during which such assistant or assistants shall so act, and we are inclined to the view that all of this power is lodged in the city solicitor and remains with him during the time that he is such city solicitor. The statute has practically conferred upon the city solicitor the functions and duties known as those pertaining to the office of prosecuting attorney of the police court.

Again, it is to be noted in this section that no provision is made by the section, in terms, for the payment of any compensation to such assistant or assistants. The compensation has already been provided for in the clause preceding the proviso giving to the solicitor power to designate some one to act as assistant, or to act in his stead, temporarily or otherwise, as he may determine. We find nothing in the section as to compensation after the beginning of this so-called proviso, and it seems to us that if the legislature had intended that his right to compensation should cease immediately upon the appointment of anyone to act as prosecuting attorney in the police court, the legislature would have so said. It would have been very easy to give expression to such an intent as that; but nothing of the kind has been done.

Again, in the last sentence of the section we have the provision that "in case of the inability or absence of the solicitor or any of his assistants to act as prosecuting attorney of the police court, the provisions of Sec. 1815 [Lan. 3347; B. 1536-846] shall apply." The intimation is clearly given by this sentence that the solicitor or any of his assistants designated by him may act as prosecuting attorney of the police court. They may be disabled or they may be absent, but if they are able to act and are present, then they have the power to act. He, as solicitor has power to continue to act, because he is the prosecuting attorney of the police court, and his assistants have power to act because he has designated them to act; but, in case of the inability or absence of the solicitor, or any of his assistants, then the provisions of the other section apply; to wit, that when there is a temporary inability or absence of such prosecuting attorney or a vacancy in the office by resignation, death or otherwise, the judge of the police court, or, if there be more than one judge of said court, then the judges thereof shall appoint some competent member of the bar to perform the duties of the office, such ap-

Lucas County.

pointee to act until the removal of the inability or the return of such prosecuting attorney, and in case of vacancy until his successor shall be elected at the next annual municipal election and has been duly qualified. Said appointee must qualify in the same manner, and has the same power and authority to discharge the same duties, and is subject to the same liabilities, and receives the same salary as the officer whom said appointee succeeds; but in case of inability or temporary absence of such prosecutor the judge may deduct such amount from the salary of such prosecuting attorney. It is not provided that the court shall deduct such compensation or salary from any supposed compensation awarded by this other section, Lan. 3125 (B. 1536-663), to some person who acts temporarily as prosecuting attorney; but it is to be deducted from the salary which is awarded to the officer who holds the office.

There are other expressions in some of these sections that may afford aid to the construction, but I will not prolong this opinion by any special reference to them. It suffices to say that it is the unanimous judgment of the court that the contention of the city solicitor, Mr. Northup, as to the proper construction of Lan. 3125 (B. 1536-663), should be sustained; and, holding that view, the demurrer to the second defense in Davies' answer in the mandamus suit and the motion to strike matter from the amended petition filed in this court in the injunction suit, should be sustained and it will be so ordered.

**Haynes** and **Parker, JJ.,** concur.